# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT WAYNE THOMPSON,

    Petitioner,

  vs.

CHRISTIAN PFEIFFER,[1]

    Respondent.

No. 2:15-cv-2236-TLN-CMK-P

ORDER

/

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 14), and petitioner's opposition (labeled a traverse) (Doc. 15).

**I.    BACKGROUND**

Petitioner is challenging his 2012[2] conviction out of the Siskiyou County Superior

---

[1] Christian Pfeiffer is the current warden of Kern Valley State Prison, where Petitioner is housed. Pursuant to Federal Rule of Civil Procedure 25(d), Christian Pfeiffer is substituted as respondent in this matter. The Clerk of the Court will be directed to update the docket to reflect the above caption.

[2] Petitioner states he is challenging his August 12, 2013 conviction. However, from the documents lodged with this court, it appears that the date of conviction is August 13, 2012. This appears to be a simple error in the petition. Petitioner originally entered into a plea bargain

1

Court. His conviction was affirmed on appeal by the California Court of Appeal on April 2, 2014. Petitioner's petition for review in the California Supreme Court was denied on June 11, 2014. No petition for writ of certiorari was filed with the United States Supreme Court.

Petitioner filed three state post-conviction petitions for writ of habeas corpus, all in the Siskiyou County Superior Court. His first state habeas petition was filed on July 14, 2012, and denied August 21, 2012, his second was filed on August 30, 2012, and denied on October 10, 2012; and his third was filed on September 12, 2012, and denied on October 10, 2012.

## II.    MOTION TO DISMISS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12. The petitioner bears the burden of showing that he has exhausted state remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

---

on June 25, 2010, wherein he received a seven year suspended sentence, and was placed on a five year probation. In 2011, petitioner was charged with violating the conditions of his probation as well as new criminal charges. He was convicted of the new charges on August 13, 2012, and was sentenced for both the new charges as well as the prior suspended seven year sentence. (See Lodged Doc. 1-3).

2

Respondent brings this motion to dismiss[3] petitioner's habeas corpus petition as filed beyond the one-year statute of limitations, pursuant to 28 U.S.C. § 2244(d). Petitioner contends his petition was timely filed, and the date used by the respondent was the incorrect filing date. To the extent petitioner challenges the motion to dismiss as not a proper response to his petition, as set forth above, a motion to dismiss is authorized to challenge the timeliness of a petition.

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 552 U.S. 3 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's

---

[3] Alternatively, respondent argues the petition contains unexhausted claims. However, as discussed herein, as the undersigned finds the petition is untimely, this alternative argument is unnecessary.

3

timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Here, petitioner is challenging his 2012 conviction. Petitioner appealed his conviction to the California Court of Appeal, which affirmed his conviction in April 2014. The California Supreme Court denied review on June 11, 2014. As no petition for certiorari was filed, the statute of limitations commenced after the 90 day period of time for filing a petition for writ of certiorari, or September 10, 2014. The statute of limitations expired one year later, on September 9, 2015. The petition filed in this action was signed on September 30, 2015, but was not received by the court to be filed until October 28, 2015. Giving petitioner the benefit of the

4

mailbox rule, the effective filing date of his federal habeas petition is September 30, 2015.

As for statutory tolling, petitioner filed three state habeas petitions in 2012, all with the Siskiyou County Superior Court. However, these petitions were all filed prior to the commencement of the statute of limitations. While a properly filed habeas petition may otherwise have tolled the statute of limitations, as the state habeas petitions filed in this instance had no tolling effect on the statute of limitation as they were filed and denied prior to the commencement of the statute of limitations. See <u>Waldrip v. Hall</u>, 548 F.3d 729, 735 (9th cir. 2008).

Petitioner argues his petition is timely as it was deemed filed the day he placed it in the prison official's hands, wherein they signed and dated on the envelope. He claims the date he gave it to prison officials for filing was September 2, 2015. However, as stated above, a review the petition filed with this court (Doc. 1) clearly shows the petition was signed and the proof of service completed on September 30, 2015. There was some delay in the court receiving the petition, as it was not filed in this court until October 28, 2015. However, the petition was signed September 30, 2015. There is nothing to indicate that petitioner submitted it prior to the date of signing, nor has he set forth any argument that for some reason he post-dated the petition, which would not be a plausible argument.

### III. CONCLUSION

The undersigned finds the petitioner's federal habeas petition is untimely, as it was filed beyond the expiration of the statute of limitations.

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 14) be granted and the petition be dismissed as filed beyond the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written

objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 13, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE